HONORABLE SAMUEL J. STEINER

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

WORLDPOINT LOGISTICS, INC.
dba RISS; RTI (RISS TRANSPORTATION, INT'L);
USSI (UNITED STATES SHIPPERS, INC.)
6600 196th St. S.W.
Edmonds, WA 98036
                Debtor.

WORLDPOINT LOGISTICS, INC.,

                Plaintiff,

    v.

ROYAL EXPRESS, INC. and CITY CAPITOL,

                Defendant(s).

BANKRUPTCY NO. 01-23448

ADVERSARY NO. _____

COMPLAINT TO AVOID AND
RECOVER VALUE OF PREFERENTIAL
TRANSFERS

Plaintiff, Worldpoint Logistics, Inc., dba RISS; RTI (Riss Transportation, Int'l); and USSI (United States Shippers, Inc.), debtor-in-possession herein ("Debtor"), alleges as follows:

COMPLAINT TO AVOID AND RECOVER VALUE OF
PREFERENTIAL TRANSFERS – Page 1

BUSH STROUT & KORNFELD
LAW OFFICES
5500 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# I. PARTIES

1.1 <u>Plaintiff</u>. The Debtor is authorized to bring this adversary proceeding pursuant to 11 U.S.C. §§ 547 and 550.

1.2 <u>Defendant Royal Express, Inc.</u> On information and belief, Royal Express, Inc. is a corporation.

1.3 <u>Defendant City Capitol.</u> On information and belief, City Capitol is a corporation.

# II. JURISDICTION

2.1 The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

2.2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

2.3. Venue for this adversary proceeding is proper pursuant to 28 U.S.C. § 1409(a).

# III. FACTS

3.1 On December 5, 2001 (the "Petition Date"), a Chapter 7 involuntary petition pursuant to Bankruptcy Code § 303 was filed against the Debtor. This case was converted to a voluntary Chapter 11 case on December 28, 2001 (the "Conversion Date").

3.2 Within 90 days prior to the Petition Date, the Debtor made the following transfers to or for the benefit of Royal Express, Inc. or City Capitol ("Transfers").

///

///

///

COMPLAINT TO AVOID AND RECOVER VALUE OF
PREFERENTIAL TRANSFERS – Page 2

BUSH STROUT & KORNFELD
LAW OFFICES
5500 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 03-01844-SJS    Doc 1    Filed 12/28/03    Ent. 12/28/03 20:34:07    Pg. 2 of 5

| Check # | Amount | Release Date |
|---|---|---|
| 25028 | $ 300.00 | 10/22/01 |
| 24389 | 635.00 | 09/24/01 |
| 25632 | 705.00 | 11/15/01 |
| 24177 | 1,058.23 | 09/24/01 |
| 25478 | 1,400.00 | 11/15/01 |
| 25329 | 2,736.23 | 11/15/01 |
| 24754 | 2,831.75 | 10/01/01 |
| 23994 | 3,081.98 | 09/17/01 |
| 24578 | 3,821.98 | 10/01/01 |
| 24933 | 4,002.24 | 10/10/01 |
| 23784 | 4,095.00 | 09/10/01 |
| 25189 | 4,563.23 | 11/06/01 |
| **TOTAL** | **$ 29,230.64** | |

## IV. FIRST CAUSE OF ACTION TO RECOVER AVOIDABLE PREFERENCES FROM ROYAL EXPRESS, INC.

4.1 All previous paragraphs are hereby repeated and incorporated as though fully set forth herein.

4.2 The Transfers constitute transfers by the Debtor of an interest in property.

4.3 The Transfers were to or for the benefit of Royal Express, Inc.

4.4 On information and belief, the Transfers were for or on account of an antecedent debt owed by the Debtor to Royal Express, Inc.

4.5 The Transfers were made within 90 days prior to the Petition Date.

4.6 The Transfers were made while the Debtor was insolvent.

4.7 On information and belief, the Transfers enabled Royal Express, Inc. to recover more than it would have received as a creditor if the Debtor's case was a case under Chapter 7 of the Bankruptcy Code, the Transfers had not been made, and Royal Express, Inc. received payment of such debts to the extent provided by the provisions of the Bankruptcy Code.

COMPLAINT TO AVOID AND RECOVER VALUE OF
PREFERENTIAL TRANSFERS – Page 3

BUSH STROUT & KORNFELD
LAW OFFICES
5500 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 03-01844-SJS    Doc 1    Filed 12/28/03    Ent. 12/28/03 20:34:07    Pg. 3 of 5

4.8 Royal Express, Inc. was the initial transferee of the Transfers or the entity for whose benefit the Transfers were made.

4.9 On information and belief, the Trustee is entitled to recover $29,230.64 from Royal Express, Inc. under 11 U.S.C. § 550(a).

## V. SECOND CAUSE OF ACTION TO RECOVER AVOIDABLE PREFERENCES FROM CITY CAPITOL

5.1 All previous paragraphs are hereby repeated and incorporated as though fully set forth herein.

5.2 The Transfers constitute transfers by the Debtor of an interest in property.

5.3 The Transfers were to or for the benefit of City Capitol.

5.4 On information and belief, the Transfers were for or on account of an antecedent debt owed by the Debtor to City Capitol.

5.5 The Transfers were made within 90 days prior to the Petition Date.

5.6 The Transfers were made while the Debtor was insolvent.

5.7 On information and belief, the Transfers enabled City Capitol to recover more than it would have received as a creditor if the Debtor's case was a case under Chapter 7 of the Bankruptcy Code, the Transfers had not been made, and City Capitol received payment of such debts to the extent provided by the provisions of the Bankruptcy Code.

5.8 City Capitol was the initial transferee of the Transfers or the entity for whose benefit the Transfers were made.

5.9 On information and belief, the Trustee is entitled to recover $29,230.64 from City Capitol under 11 U.S.C. § 550(a).

COMPLAINT TO AVOID AND RECOVER VALUE OF PREFERENTIAL TRANSFERS – Page 4

BUSH STROUT & KORNFELD
LAW OFFICES
5500 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 03-01844-SJS    Doc 1    Filed 12/28/03    Ent. 12/28/03 20:34:07    Pg. 4 of 5

# VI. PRAYER FOR RELIEF

WHEREFORE, the Debtor prays for relief against Royal Express, Inc. or City Capitol as follows:

A. Judgment declaring that the Transfers are avoided under 11 U.S.C. § 547;

B. Judgment declaring that $29,230.64 is recoverable from Royal Express, Inc. or City Capitol by the Debtor under 11 U.S.C. § 550;

C. Judgment against Royal Express, Inc. or City Capitol in the amount of $29,230.64, together with interest thereon as provided by law from and after the demand date;

D. Award of costs and reasonable attorneys' fees incurred herein as allowed by statute;

E. Judgment against Royal Express, Inc. or City Capitol for post-judgment interest at the federal judgment interest rate provided by law; and

F. For any and all other relief the Court deems just and equitable.

DATED this 28th day of December, 2003.

BUSH STROUT & KORNFELD


By /s/ Devra D. Oppermann
   Devra D. Oppermann, WSBA #32182
Attorneys for Plaintiff Worldpoint Logistics, Inc.

COMPLAINT TO AVOID AND RECOVER VALUE OF
PREFERENTIAL TRANSFERS – Page 5

BUSH STROUT & KORNFELD
LAW OFFICES
5500 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 03-01844-SJS    Doc 1    Filed 12/28/03    Ent. 12/28/03 20:34:07    Pg. 5 of 5